IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Olandio Ray Workman, </br></br>　　　　　　　　Plaintiff, </br></br> vs. </br></br> Cassandra Gorton, </br></br>　　　　　　　　Defendant. | Civil Action No. 6:17-cv-02190-RBH-KFM </br></br> **REPORT OF MAGISTRATE JUDGE** |

　　　　The plaintiff, proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

　　　　The plaintiff is a pretrial detainee at the Greenville County Detention Center. The plaintiff brings this § 1983 action alleging "government intrusion into attorney client relationship, conflict of interest[,] ineffective assistance of counsel (doc. 1 at 4). He contends that the defendant gave information to the solicitor in his pending state criminal case, told everyone in court that he was suing Dorothy Manigault, and told the solicitor his "game plan for how [he] was going to win" (*id*. at 5). He states that the defendant told an officer about a letter to his mother (*id*.). He alleges that after he fired her, she told the court that the plaintiff was not competent to stand trial (*id*. at 6). The plaintiff alleges that the defendant would not "give [him] the motion [he] wanted like bond hearing and more" (*id*.). The plaintiff contends that the defendant is pressuring him into pleading guilty (*id*. at 13). It appears that he requested that the defendant be relieved from representing him; however, the court denied his request (*id*. at 15). The plaintiff seeks "disbarment [and] $80,000.00 per claim" (*id*. at 6).

**DISCUSSION**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The defendant in this case is not amenable to suit under § 1983 because she was not acting under color of state law. "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). To determine whether state action is present, no single factor is determinative and

2

the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341–43 (4th Cir. 2000). However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). In this case, the complaint alleges no facts to show that this defendant is a state actor amenable to suit under § 1983. Even assuming that the defendant was appointed to represent the plaintiff in his pending state criminal matter, the Fourth Circuit Court of Appeals has specifically held that appointed defense counsel are not state actors for purposes of § 1983 claims. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amenable to suit under [§] 1983."); *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding no state action under § 1983, even where the plaintiff's attorney was court-appointed); *Mahaffey v. Sumter Cty. Pub. Def.'s Corp.*, C/A No. 3:06-3557-SB, 2007 WL 3001675, at *4 (D.S.C. Oct. 9, 2007) ("[T]he Sumter County Public Defender's Corp. did not act under color of state law and is entitled to summary dismissal."). Accordingly, the complaint fails to state a claim upon which relief can be granted against the defendant.

## RECOMMENDATION

It is recommended that the District Court dismiss this action *without prejudice*. The plaintiff's attention is directed to the important notice on the next page.

                                                         s/ Kevin F. McDonald
                                                         United States Magistrate Judge

August 28, 2017
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).