# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | Civil Action No.: 6:17-cv-02190-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cassandra Gorton, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Olandio Ray Workman, a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the above-captioned Defendant. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action without prejudice.[1]  *See* ECF Nos. 9 & 11.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff, a state pretrial detainee being held at the Greenville County Detention Center, has filed this § 1983 action against Defendant Cassandra Gorton, his defense attorney representing him in his pending state criminal case. *See* ECF No. 1. Plaintiff's allegations relate to his ongoing criminal proceedings, including his preliminary hearing.[3] The Magistrate Judge recommends summarily dismissing this action because the complaint alleges no facts indicating Gorton is a state actor amenable to suit under § 1983. R & R at p. 3.

Although Plaintiff has filed objections to the R & R and a motion to amend,[4] *see* ECF Nos. 11

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Plaintiff is a pretrial detainee being held on charges of kidnapping, domestic violence of a high and aggravated nature, two weapons charges, and threatening the life of a public official. *See* Inmate Search, https://app.greenvillecounty.org/inmate_search.htm (last visited Oct. 30, 2017). Cassandra Gorton has been one of Plaintiff's defense attorneys, though it is unclear whether she is still representing him. *See* Greenville County Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (last visited Oct. 30, 2017). The Court takes judicial notice of these public records. *See generally Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'").

[4] In his objections and motion to amend, Plaintiff rehashes and supplements the allegations in his complaint, and he cites various cases that he apparently believes would allow him to pursue claims against Defendant Gorton and other potential defendants. *See* ECF Nos. 11 & 13. Plaintiff also indicates he is attempting to assert a municipal liability claim, *see* ECF No. 13 at p. 2, but he has not named a municipality as a defendant. However, even with such new factual allegations, Plaintiff's complaint would still fail based on the *Younger* abstention principle discussed in this Order. Thus, amendment of his complaint would be futile, *see Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 379

2

& 13, the Court finds Plaintiff's claims fail for an additional reason not discussed in the R & R—namely, that this Court should abstain from hearing this action pursuant to the *Younger*[5] abstention doctrine. The Court finds *Younger* abstention is appropriate because (1) Plaintiff is involved in ongoing state criminal proceedings (2) that implicate important state interests, and because (3) Plaintiff has an adequate opportunity to raise his federal claims in the state proceedings. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584 (2013) (addressing the appropriate grounds for *Younger* abstention); *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (summarizing the three *Younger* criteria). By alleging Defendant Gorton has been ineffective and seeking her disbarment, Plaintiff is effectively asking this Court to intervene in a pending state criminal matter. *See, e.g.*, *Hawthorne v. Edgefield Cty.*, 2016 WL 7228243 (D.S.C. Dec. 14, 2016) (summarily dismissing based on *Younger* abstention where the plaintiff alleged his defense counsel was ineffective in pending state criminal proceedings); *Bradley v. Salisbury Police Dep't*, 2013 WL 6592489 (D. Md. Dec. 13, 2013) (summarily dismissing a case based on *Younger* abstention where the plaintiff was involved in ongoing state criminal proceedings), *aff'd*, 562 F. App'x 166 (4th Cir. 2014) ("[W]e affirm for the reasons stated by the district court.").

Moreover, Plaintiff has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson*, 855 F.3d at 286 ("A federal court may disregard *Younger*'s mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). Accordingly, the Court modifies the R & R to reflect this additional reason for dismissal, and overrules Plaintiff's

---

(4th Cir. 2012) (stating a court should deny a request to amend if amendment would be futile), and the Court will deny his motion to amend.

[5] *Younger v. Harris*, 401 U.S. 37 (1971).

3

objections.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts the R & R [ECF No. 9] *as modified herein*, and **DISMISSES** this action *without prejudice and without issuance and service of process*.[6] The Court **DENIES** Plaintiff's motion to amend [ECF No. 13] as futile.

**IT IS SO ORDERED.**

Florence, South Carolina
November 1, 2017

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[6] In the Court's view, Plaintiff cannot cure the defects in his complaint by amending it because the *Younger* doctrine's application to his claims requires abstention at this time. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.